UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TESA FORRESTER-PRATER,**<br>　　　Plaintiff,<br><br>vs.<br><br>**ACCELERATED RECEIVABLES; and DOES 1 through 10, inclusive,**<br>　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

#### I.　INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Tesa Forrester-Prater, an individual consumer, against Defendant, Accelerated Receivables and their agents for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

#### II.　JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Because Defendant conducts business in the Western District of New York, personal jurisdiction is established.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

### III.   *PARTIES*

6. Plaintiff, Tesa Forrester-Prater (hereinafter "Plaintiff"), is an adult individual who was at all relevant times residing in Indianapolis, Marion County, State of Indiana 46240.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Upon information and belief, the Defendant, Accelerated Receivables, (hereinafter "Defendant" and/or "Defendant AR") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 339 Main Street, Arcade, Wyoming County, New York 14009.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends bills, statements, and/or other correspondence via the mail and/or electronic mail to alleged debtors, and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

12. At all relevant times, Defendant acted as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Does 1-10 (hereinafter the "Collectors") are individual collectors employed by Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

15. The debt that Defendant is attempting to collect is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

16. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

17. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

18. Upon information and belief the Defendant began contacting Plaintiff on August 4, 2011.

19. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, during the first communication with Plaintiff, demanded payment from Plaintiff without informing Plaintiff that she had the right to dispute the debt, thereby overshadowing Plaintiff's right to dispute the debt.

20. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, during the first communication with Plaintiff did not state that the call was from a debt collector.

21. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, during the first communication with Plaintiff did

not state that the call was an attempt to collect a debt and that any information obtained would be used for that purpose.

22. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

23. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

24. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff and overshadowing Plaintiff's rights.

## V.   SUMMARY

25. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant AR, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

26. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

27. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this alleged debt was collected by these Defendants.

28. Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress,

fear, frustration, humiliation, upset, and embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

29.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

### VI.     RESPONDEAT SUPERIOR LIABILITY

30.  The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant AR who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant AR.

31. The acts and omissions by these individual Defendants and their other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were, expressly or impliedly, authorized to perform by Defendant AR in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant AR.

33.  Defendant AR is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions committed in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempt to collect this debt by communicating with Plaintiff.

### VII.    FIRST CLAIM FOR RELIEF

34. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above and below, with respect to the Plaintiff:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (c) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    (d) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial communication with the Plaintiff that the Defendant is attempting to collect a debt and that any information obtained will be used for that purpose, when the communication was not a formal pleading; and

    (e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

36. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the foregoing violations of the FDCPA, each and every Defendant is liable to Plaintiff for [1] declaratory judgment that Defendant's conduct violated the FDCPA; [2] actual damages pursuant to 15 U.S.C. § 1692k(a)(1); [3] statutory damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692 (a)(2)(A); and [4] reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3).

## VIII. SECOND CLAIM FOR RELIEF FOR INVASION OF PRIVACY AND SUPPORTING FACTUAL ALLEGATIONS

38. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> "**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**." *U.S.C. § 1692(a) (emphasis added).*

40. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

7

> "It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information." *U.S.C. § 6801(a) (emphasis added).*

41. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

42. Defendants and/or their agents also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by overshadowing Plaintiff's rights.

43. Defendants and/or their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

44. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

45. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to any reasonable person in that position.

46. Defendant and or their agents' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

47. As a result of such intrusions and invasions of privacy, each and every Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial.

### IX.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment that each Defendant's conduct violated the FDCPA.

B. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from each Defendant for intentional and/or negligent invasion of privacy in an amount to be determined at trial.

C. Statutory damages of $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Plaintiff's costs and reasonable attorney fees from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(3).

E. Punitive damages in such amount as is found appropriate.

F. For any further relief as the Court may deem just and proper.

## X. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Tesa Forrester-Prater, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

RESPECTFULLY SUBMITTED,

Dated: September 03, 2012

By: /s/Stuart M. Price
Stuart M. Price, Esq. (513461)
PRICE LAW GROUP, APC
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436
Phone: (818) 907-2030
Fax: (818) 205-2730
tom@plglawfirm.com

Attorney for Plaintiff,
Tesa Forrester-Prater