UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TESA FORRESTER-PRATER,

                            Plaintiff,
v.                                      **DECISION AND ORDER**
                                                       12-CV-831S
ACCELERATED RECEIVABLES and DOES 1
through 10, inclusive,

                            Defendants.

## I. INTRODUCTION

On September 3, 2012, Plaintiff filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Defendants failed to appear and defend this action, which resulted in the Clerk of the Court entering a default as to Defendant Accelerated Receivables on March 11, 2013. Presently before this Court is Plaintiff's Motion for a Default Judgment against this Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Docket No. 22.) For the following reasons, Plaintiff's motion is denied.

## II. DISCUSSION

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. See Fed. R. Civ. P. 55(a). The fact that a defendant has defaulted, however, is not alone sufficient to establish a plaintiff's entitlement to a default judgment. Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010); see Priestley v. Headminder, Inc., 647 F.3d 497, 505 (2d Cir. 2011). Instead, a court considers the "well-pleaded allegations" of the complaint as

1

true, Priestley, 647 F.3d at 505, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), *cert denied*, 506 U.S. 1080 (1993); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981). The court then determines whether those well-pleaded allegations are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Priestly, 647 F.3d at 505 (citing Rolex Watch, U.S.A. v. Pharel, 09 CV 4810, 2011 WL 1131401, *2 (E.D.N.Y. Mar. 11, 2011), *report and recommendation adopted*, 2011 WL 1130457 (Mar. 28, 2011)).

Here, Plaintiff alleges that Defendant, a debt collector within the meaning of the FDCPA, "began contacting Plaintiff on August 4, 2011." (Compl. ¶¶ 12, 18.) Plaintiff further alleges that "during the first communication with Plaintiff, [Defendant] demanded payment from Plaintiff without informing Plaintiff that she had the right to dispute the debt;" "did not state that the call was from a debt collector;" and "did not state that the call was an attempt to collect a debt and that any information obtained would be used for that purpose." (Id. ¶¶ 19-21.) Although Plaintiff makes the conclusory assertion that "[t]he natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff," there are no specific factual allegations supporting such a conclusion. The complaint is instead merely a formulaic recitation of the elements of FDCPA provisions.

Further, Plaintiff's complaint is untimely. "An action to enforce any liability [under the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff alleges that

each of Defendant's violations of the FDCPA occurred "during the *first* communication with Plaintiff." (Compl. ¶¶ 19-21 (emphasis added).) Thus, Plaintiff's formulaic recitation that the alleged violations occurred "[w]ithin one (1) year preceding the date of this Complaint" is contradicted by the more specific assertion that "Defendant began contacting Plaintiff on August 4, 2011." (Id. ¶¶ 18-21.) The only well-pleaded allegation therefore establishes that any violation occurred over one year prior to Plaintiff filing this action on September 3, 2012.

## III. CONCLUSION

Because the facts supporting a statute of limitations defense are set forth in the papers submitted by Plaintiff, *sua sponte* dismissal of the complaint is appropriate. Walters v. Ind. & Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011); Leonhard v. United States, 633 F.2d 599, 609 n. 11 (2d Cir. 1980).

## IV. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for a Default Judgment (Docket No. 10) is DENIED;

FURTHER, that the Complaint is dismissed with prejudice; and

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: April 8, 2013
      Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                          Chief Judge
                                    United States District Court